**Anna Helton, OSB #054424**
Email: ahelton@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

FILED 6 NOV '23 12:19USDC-ORP

Attorney for Roman Catholic Archbishop of Portland in
Oregon, and successors, a corporation sole, dba Archdiocese
of Portland in Oregon

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

**3:23-mc-956-JR**

| | |
|---|---|
| In re | No. ~~3:23-MC-956-A~~R et |
| **ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON, and** successors, a corporation sole, dba Archdiocese of Portland in Oregon | **MOTION TO APPROVE SETTLEMENT OF "FUTURE CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE CLAIMS TRUST** |
| Interested Parties/Claimants:  **A.T.** | |

Defendant Roman Catholic Archbishop of Portland in Oregon, and successors, a

corporation sole, dba Archdiocese of Portland in Oregon ("the Archdiocese"), moves the Court

pursuant to Section 6.4.5 of the "Third Amended and Restated Joint Plan of Reorganization of

Debtor, Tort Claimants Committee, Future Claimants Representative, and Parish and

Parishioners Committee (dated April 9, 2007)" [Docket No. 5005 in *In re Roman Catholic

Archbishop of Portland in Oregon, and successors, a corporation sole, dba Archdiocese of

Portland in Oregon*, D. Or. Bankr. Case No. 04-37154] ("the Plan"), for approval to pay in full

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

#104657

from the Future Claims Trust the settlement agreed upon for the claim of A.T. in the amount of

$80,000.00.

Counsel for A.T. does not oppose this motion.

For further support of this motion, the Archdiocese relies upon the Points and Authorities

set forth below.

## POINTS AND AUTHORITIES

The Plan includes a comprehensive discharge of all claims against the Archdiocese, its

parishes, and schools except as "otherwise expressly provided" in the Plan. Plan, section 9.1

(attached as **Exhibit A**). One such exception is for a "Future Claim," essentially a claim for

"Child Abuse" as defined by ORS 12.117(2), based on alleged misconduct that occurred prior to

the bankruptcy. *See*, Plan, Definitions at pp. 9-10, and 4 (attached as **Exhibit B**); Plan, sections

5.5.2 (attached as **Exhibit C**), 6.4.3, and 6.5.10 (all of section 6 attached as **Exhibit D**). The Plan

established a "Future Claims Trust" as the sole source from which any such Future Claim may be

paid. Plan, section 5.5.3 (attached as **Exhibit E**).

The Plan grants this Court the exclusive jurisdiction to approve the settlement of any

Future Claim, and such approval is a necessary precondition to the payment of any settled Future

Claim out of the Future Claims Trust. Plan, sections 6.4.5 and 6.5.10.

The settlement with A.T. should be approved for payment in full from the Future Claims

Trust. The settlement was reached after A.T. provided written notice[1] of a claim against the

Archdiocese in 2023 related to alleged child sexual and physical abuse by teacher Mark

Marcantonio from 2001 to 2003 while A.T. was a student at Visitation Catholic School.  The

---

[1] Such notice was provided by A.T.'s attorneys, Dumas & Vaughn, LLC.

Page 2 -    MOTION TO APPROVE SETTLEMENT OF "FUTURE
CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE
CLAIMS TRUST

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax 503.796.2900

parties negotiated until an agreement was reached to settle A.T.'s claims. The settlement requires payment from the Future Claims Trust to A.T. in the amount of $80,000.00.

Section 11.8 of the Plan (attached as **Exhibit F**) requires a motion and notice "setting forth the time in which objections must be filed with the court," which notice period shall, unless the Court orders otherwise, "provide the recipients at least 20 days (plus 3 days if served by mail) in which to file an objection to the application, motion, or other request." The Archdiocese is sending such notice contemporaneously with the filing of this motion and hereby requests that the Court take no action with respect to this motion until at least **December 1, 2023,** in order to comply with Section 11.8 of the Plan.

The Plan further provides that "[i]f no objection is timely filed, the court may authorize the proposed action without further notice or a hearing." The District Court has the power to allow less than full payment and order that the Future Claims Trust pay "only a percentage of such holders' Allowed Claims" if the Court determines that the remaining amount of the Future Claims Cap "will be insufficient" to pay all reasonably expected Future Claims. Plan, Section 5.5.3. The Plan provides that if an objection is timely filed, the Court will determine whether to conduct a hearing or whether to require the submission of further documentation prior to ruling on the application, motion, or other request. Plan, Section 11.8.

The Archdiocese is serving this motion with a notice to the persons required under Section 11.8 of the Plan. Section 11.8 requires such notice to be served upon: (1) Tort Claimants having filed a Claim or a lawsuit asserting a Claim whose Claims have not been paid in full; (2) all Future Claimants who have given written notice to the Archdiocese of an alleged Future Claim and who have not been paid in full; (3) the Future Claims Representative (Portland

<table>
<tr><td>Page 3 -</td><td>MOTION TO APPROVE SETTLEMENT OF "FUTURE CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE CLAIMS TRUST</td><td>SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>Pacwest Center<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>Telephone: 503.222.9981<br>Fax: 503.796.2900</td></tr>
</table>

attorney David A. Foraker); and (4) the Future Claims Trustee. A copy of the notice that is being

served upon all of those persons or their attorneys of record is appended hereto as **Exhibit G**.

Dated this 6th day of November, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    *s/ Anna Helton*
Anna Helton, OSB #054424
Telephone: 503.222.9981
Of Attorneys for Roman Catholic
Archbishop of Portland in Oregon, and
successors, a corporation sole, dba
Archdiocese of Portland in Oregon

MOTION TO APPROVE SETTLEMENT OF "FUTURE
CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE
CLAIMS TRUST

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

1               (c)     the Bankruptcy Court shall have entered such orders as may be

2  necessary or appropriate to approve the settlements between the Debtor and those

3  Claimants who have settled their Claims;

4             (d)     the Bankruptcy Court shall have entered the Confirmation Order in

5  form and substance reasonably acceptable to the Proponents and Allied Irish Banks,

6  p.l.c., which shall, among other things, approve the Plan Documents required to

7  consummate the Closing; and,

8             (e)     no stay of the Confirmation Order shall be in effect at the time the

9  other conditions set forth in this Section 8.1 are satisfied or waived.

10     **8.2**    **Waiver of Conditions**.  Any condition set forth in Section 8.1 of this Plan

11  may be waived by the mutual consent of the Proponents.

12  **9.**     **EFFECTS OF PLAN CONFIRMATION.**

13     **9.1**    **Discharge.**  Except as otherwise expressly provided in this Plan, in the

14  Plan Documents, or in the Confirmation Order, on the Effective Date pursuant to

15  Section 1141(d) of the Bankruptcy Code, the Debtor (including the Archdiocese, the

16  Parishes, and the Schools) and the Reorganized Debtor will be discharged from all

17  liability on any and all Claims and Debts, known or unknown, whether or not giving rise

18  to a right to payment or an equitable remedy, that arose, directly or indirectly, from any

19  action, inaction, event, conduct, circumstance, happening, occurrence, agreement, or

20  obligation of the Debtor (including the Archdiocese, the Parishes, and the Schools), or

21  the Debtor's Representatives before the Effective Date, or that otherwise arose before

22  the Effective Date, including, without limitation, all interest, if any, on any such Claims

23  and Debts, whether such interest accrued before or after the date of commencement of

24  this Case, and including, without limitation, all Claims and Debts based upon or arising

25  out of Child Abuse or Sexual Misconduct, and from any liability of the kind specified in

26

**Page 53 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT A**
**Page 1 of 2**

1    Sections 502(g), 502(h), and 502(i) of the Bankruptcy Code, whether or not a proof of

2    claim is filed or is deemed filed under Section 501 of the Bankruptcy Code, such Claim

3    is Allowed under this Plan, or the holder of such Claim has accepted this Plan.

4    Notwithstanding the foregoing, (i) nothing herein will impair or release the obligations of

5    any Non-Settling Insurance Company with respect to the Claims; and (ii) obligations

6    arising under any settlement agreement between the Debtor and any Settling Insurance

7    Company approved by the Bankruptcy Court will not be discharged.

8        **9.2    Vesting.**  Except as otherwise expressly provided in this Plan or in the

9    Confirmation Order, on the Effective Date, the Reorganized Debtor will be vested with

10   all of the property of the Estate free and clear of all Claims, liens, encumbrances,

11   charges and other interests of Creditors and Claimants.  As of the Effective Date, the

12   Reorganized Debtor may hold, use, dispose, and otherwise deal with such property and

13   conduct its affairs, in each case, free of any restrictions imposed by the Bankruptcy

14   Code or by the Bankruptcy Court, other than those restrictions expressly imposed by

15   the Plan, the Confirmation Order, or the Plan Documents.

16       **9.3    *Exculpation And Limitation Of Liability*.    *None of the Released***

17   *Parties will have or incur any liability to, or be subject to any right of action by,*

18   *any holder of a Claim, any other party in interest, or any of their respective*

19   *agents, employees, representatives, financial advisors, attorneys, or affiliates, or*

20   *any of their successors or assigns, for any act or omission in connection with,*

21   *relating to, or arising out of the Case, including the exercise of their respective*

22   *business judgment and the performance of their respective fiduciary obligations,*

23   *the pursuit of confirmation of the Plan, or the administration of the Plan, except*

24   *liability for their willful misconduct or gross negligence, and in all respects, such*

25

26

**Page 54 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

1       **"Estimation Order"** means an order of the Bankruptcy Court or the District

2     Court, as applicable, that determines the Estimated Amount of any Claim or Claims for

3     any purpose, whether individually or as part of an aggregate.

4       **"FCR"** means the Future Claimants Representative.

5       **"FCR Order"** means the Court's order entered on December 20, 2004,

6     appointing David A. Foraker as the Future Claimants Representative.

7       **"FCR's Professionals"** means the law firm Greene & Markley PC; special

8     counsel and consulting expert, Alan W. Scheflin; and all other professionals, if any,

9     which the FCR may retain to provide professional services, all in accordance with the

10    FCR Order and as approved by the Bankruptcy Court.

11      **"Final Order"** means an order, judgment, ruling or decree of the Bankruptcy

12    Court, the District Court, or any other court having jurisdiction as to which (a) any

13    appeal that has been taken has been finally determined or dismissed and the time to

14    take any further appeal, or to seek certiorari, further reargument or rehearing, has

15    expired or been waived in writing, or (b) the time to take an appeal has expired and no

16    appeal has been timely filed.

17      **"Future Claim"** means a Tort Claim that is not a Known Tort Claim, and which is

18    based on conduct occurring on or before the Effective Date that constitutes Child Abuse

19    or knowingly allowing, permitting, or encouraging Child Abuse, for which the holder of

20    such Claim (or his or her parent or legal guardian) did not file a proof of claim by the

21    Claims Bar Date (excluding the proof of claim filed by the FCR on behalf of all Future

22    Claimants), and as of the Claims Bar Date (or, if such conduct occurred after the Claims

23    Bar Date, as of the Effective Date) the holder of such Claim: (1) was under the age of

24    18; (2) was suffering from "repressed memory" and could not remember the Child

25    Abuse; or (3) had not discovered the injury or the causal connection between the injury

26

**Page 9 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT B**
**Page 1 of 3**

1   and the Child Abuse, nor in the exercise of reasonable care should have discovered the

2   injury or the causal connection between the injury and the Child Abuse.

3        **"Future Claimant"** means a Person or Entity who asserts a Future Claim.

4        **"Future Claimants Representative"** means David A. Foraker, the legal

5   representative for Future Claimants appointed pursuant to the FCR Order, or any

6   successor appointed or approved by the District Court.

7        **"Future Claims Administration Expenses"** means (i) the reasonable fees of

8   the Future Claims Trustee and all reasonable and necessary costs and expenses

9   incurred by the Future Claims Trustee in carrying out the terms of the Future Claims

10   Trust Agreement (exclusive of amounts necessary to fund Plan payments to holders of

11   Allowed Future Claims); and (ii) the reasonable fees of the FCR and all reasonable and

12   necessary costs and expenses (including the reasonable fees and expenses of

13   attorneys and other professionals retained by the FCR) incurred by the FCR in

14   exercising any of the FCR's rights or powers under the Plan or any of the Future Claims

15   Plan Documents, in connection with the FCR's oversight of the Reorganized Debtor's

16   performance under the Plan and the Future Claims Plan Documents as they relate to

17   the Future Claims, or with respect to the FCR's oversight of the Future Claims Trustee's

18   performance under the Future Claims Plan Documents.

19        **"Future Claims Bar Date"** means April 30, 2030.

20        **"Future Claims Cap"** at any particular time means the maximum amount of

21   Cash that may be distributed from the Future Claims Trust to holders of Allowed Future

22   Claims. The Future Claims Cap on the Effective Date shall be twenty million dollars

23   ($20,000,000) (the initial "Future Claims Base Amount"). The Future Claims Cap

24   existing from time to time shall increase daily by .008219178% (i.e., 3% per year) of the

25   then existing Future Claims Base Amount ("Future Claims Increases") from the Effective

26

   **Page 10 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT B**
**Page 2 of 3**

1        **"Child"** means an unmarried Person under 18 years of age.

2        **"Child Abuse"** means child abuse as defined in ORS 12.117(2).

3        **"Claim"** means any claim, as that term is defined in Section 101(5) of the

4  Bankruptcy Code, arising before the Effective Date.

5        "**Claimant**" means a Creditor that asserts a Claim.

6        **"Claims Agent"** means the BMC Group, Inc.

7        **"Claims Bar Date"** means April 29, 2005.

8        **"Claims Bar Date Notice"** means the *Notice of Last Day to File Claims,*

9  *Including Claims for Clergy Sex Abuse and Sexual Misconduct* mailed to all known

10  Creditors, together with the *Publication Notice* published in various newspapers and

11  other publications in January, 2005, and thereafter, providing notice of the Claims Bar

12  Date.

13       **"Claims Bar Date Order"** means the order of the Bankruptcy Court, entered

14  January 3, 2005, setting the Claims Bar Date and approving the method of notification

15  of the Claims Bar Date.

16       **"Claims Objection Bar Date"** means, unless extended by the Court, the first

17  Business Day that follows the 60th day after the Effective Date, or such other date as

18  fixed by the Bankruptcy Court, by which any objection to a Claim (excluding Tort

19  Claims) must be filed with the Bankruptcy Court or such objection will be forever barred.

20       **"Closing"** means the Reorganized Debtor's execution and delivery of the Plan

21  Documents and delivery of the payments to the Known Tort Claims Trust and Future

22  Claims Trust, as more particularly described in this Plan.

23       **"Co-Defendant"** means a Person or Entity that is named as a defendant in a

24  lawsuit in which the Debtor is also named as a defendant, or who is potentially

25

26

**Page 4 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT B**
**Page 3 of 3**

1    amount that is necessary to reduce the Future Claims Cap to zero dollars, or (b) the

2    amount that is necessary to pay in full, together with interest thereon as provided

3    herein, the Allowed amounts of all Future Claims as to which, in each case, prior to or

4    on the Future Claims Bar Date, a complaint is filed or a written notice is given to the

5    Reorganized Debtor as provided in Section 5.5.2 below. In addition to its obligation to

6    make payments to the Future Claims Trust (as described in the preceding sentence),

7    the Reorganized Debtor shall from time to time (i) pay, or cause to be paid, to the

8    Future Claims Trustee or the FCR, as appropriate, in Cash the amount that is

9    necessary to pay in full all Future Claims Administration Expenses, whenever incurred,

10    and (ii) otherwise fulfill its obligations under the Plan with regard to Future Claims and

11    under the  Future Claims Plan Documents. Except as provided in the Plan, in the

12    Confirmation Order, or in the Future Claims Plan Documents, neither the Debtor nor the

13    Reorganized Debtor shall have any liability or obligation to the Future Claimants, the

14    FCR, the Future Claims Trust, or the Future Claims Trustee.

15            **5.5.2  Resolution of Future Claims.**  Except as otherwise provided in the

16    Plan, all legal and equitable rights of Future Claimants with regard to Future Claims

17    (including their right, if any, to trial by jury), and the Debtor's and the Reorganized

18    Debtor's defenses thereto, shall remain unaltered. A Future Claim shall be Disallowed

19    and the holder thereof shall not receive or retain under the Plan any payment or other

20    consideration on account of such holder's Future Claim, unless, on or before the Future

21    Claims Bar Date, the holder thereof either commences a civil action in the District Court

22    asserting the Future Claim or delivers to the Reorganized Debtor a notice in writing

23    which reasonably indicates the holder's intention to seek a monetary recovery on

24    account of the Future Claim.  Unless otherwise agreed by the Reorganized Debtor and

25    by those Non-Settling Insurance Companies providing a defense of such Claim, each

26

**Page 30 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT C
Page 1 of 2**

1   Future Claim will be resolved pursuant to the Litigation Procedures to the extent
2   applicable.

3           **5.5.3  Satisfaction of Future Claims Solely from Future Claims Trust.**
4   On the Effective Date, each Future Claim shall be irrevocably assumed by, and once
5   Allowed, satisfied solely by payment from, the Future Claims Trust. Each Future
6   Claimant shall be entitled to be paid in Cash, solely from the Future Claims Trust, the
7   full amount of such holder's Allowed Future Claim that is not for Punitive Damages,
8   together with interest thereon at the Plan Interest Rate from the Allowance Date until
9   paid, promptly (but in no event later than 90 days) after such Future Claim becomes
10  Allowed; provided, however, that the District Court, on motion of the FCR or any holder
11  of a Future Claim and after notice to the Reorganized Debtor, the FCR, the Future
12  Claims Trustee, and all known Future Claimants, may at any time order that holders of
13  Allowed Future Claims not for Punitive Damages receive from the Future Claims Trust a
14  distribution that is only a percentage of such holders' Allowed Claims and that the
15  Future Claims Trustee establish a reserve for the benefit of holders of unknown Future
16  Claims and of known but Disputed Future Claims, if the District Court determines that it
17  is reasonably likely that the then-existing Future Claims Cap will be insufficient to
18  enable the Future Claims Trust to pay in full all Allowed Future Claims not for Punitive
19  Damages that are reasonably expected to be asserted before the Future Claims Bar
20  Date expires. All Future Claims for Punitive Damages shall be subordinated, in right of
21  payment, to the prior payment in full, together with interest thereon as provided herein,
22  of all Allowed Future Claims that are not for Punitive Damages.  As soon as is
23  practicable after (a) the Future Claims Bar Date has expired and (b) each Future Claim
24  has been Allowed or Disallowed, and provided that all Allowed Future Claims not for
25  Punitive Damages, together with interest thereon as provided herein, have been paid in
26

**Page 31 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT C**
**Page 2 of 2**

1    **5.5.5 Deliverables to Future Claims Trustee at Closing.**  At Closing,

2  the Reorganized Debtor shall deliver, or cause to be delivered, to the Future Claims

3  Trustee all of the following:

4    (a) the Future Claims Trust Agreement;

5    (b) the Future Claims Note in the principal amount of eighteen million

6  dollars ($18,000,000);

7    (c) the Future Claims Deposit of two million dollars ($2,000,000) Cash;

8    (d) a letter or letters of credit in the initial amount of fifteen million dollars

9  ($15,000,000); and,

10    (e) such other Future Claims Plan Documents as may be reasonably

11  necessary or reasonably requested by the FCR.

12    Each of the foregoing documents shall be dated as of the date of Closing,

13  be duly executed on behalf of the Reorganized Debtor, and be reasonably satisfactory

14  in form and content to the FCR.

15    **5.6**    **Class 10: Donor and Beneficiary Claims.**  All Donor and Beneficiary

16  Claims, if any, will be satisfied solely by the Reorganized Debtor's agreement under

17  Section 7.2 of this Plan.

18  **6.**    **PROVISIONS GOVERNING RESOLUTION AND PAYMENT OF UNRESOLVED**

19    **TORT CLAIMS**

20    **6.1**    **Replenishment of Cash Deposit for Unresolved Future Claims.**

21    As Allowed Claims are paid and the amount of the Future Claims Deposit is

22  reduced below one million dollars ($1,000,000), the Reorganized Debtor will, from time

23  to time, replenish the Future Claims Deposit to the lesser of (a) two million dollars

24  ($2,000,000), or (b) the outstanding balance of the Future Claims Note.

25

26

**Page 33 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 1 of 13**

1    **6.2    Post-Petition Interest**.

2    Except as otherwise set forth in Exhibit "4", interest shall accrue and be payable

3    on Tort Claims at the Plan Interest Rate from and after the Allowance Date.

4    **6.3    Mediators Settlement Offers.**  Each Known Tort Claimant holding an

5    Unresolved Known Tort Claim will receive a Mediators' settlement offer in an amount to

6    be determined by the Mediators in the Mediators' sole discretion.  If accepted by the

7    Claimant, then such Claim will be Allowed in the amount of such settlement offer and

8    paid pursuant to Section 6.5.7.

9    **6.4    Resolution of Unresolved Tort Claims**.

10    **6.4.1  Litigation Procedures.**  Each Claimant holding an Unresolved Tort

11    Claim that was not Allowed as of the Effective Date will have his or her Claim resolved

12    under the Litigation Procedures set forth in this Plan and under the case management

13    orders entered or to be entered by the Bankruptcy Court, the District Court, or the State

14    Court, as applicable.

15    **6.4.2  Litigation of Claims**.  Each Claimant holding an Unresolved Tort

16    Claim that was not Allowed as of the Effective Date will proceed with litigation of such

17    Claimant's Claim by trial in the District Court or State Court, as applicable.  The

18    Reorganized Debtor will be responsible for defending such Claims and will possess all

19    of the Debtor's rights in defense of such Claims.  Nothing in this Plan or in the Plan

20    Documents shall affect the right of any such Claimant or of the Reorganized Debtor to

21    take an appeal from any order, judgment, ruling or decree entered in any legal action or

22    other proceeding in which an Unresolved Tort Claim is being resolved or liquidated. The

23    Reorganized Debtor will honor all rights and obligations arising under the Insurance

24    Policies or applicable non-bankruptcy law of those Non-Settling Insurance Companies

25    providing a defense of such Claims.

26

**Page 34 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 2 of 13**

1    **6.4.3  Future Claimants, and Known Tort Claimants Asserting a Right**

2    **to Punitive Damages, Must Have Their Claims Resolved in the District Court.**  All

3    Future Claimants, and all Known Tort Claimants asserting a right to Punitive Damages,

4    must have their Claims resolved in the District Court.  Only Known Tort Claimants who,

5    prior to the Effective Date, have elected to waive their Claims for Punitive Damages and

6    to proceed in State Court to have their Claims liquidated will be entitled to have their

7    Claims resolved in State Court.

8    **6.4.4  Jurisdiction.**  All litigation concerning Unresolved Tort Claims and

9    the Reorganized Debtor's obligations in regard thereto will be administered by and will

10    be under the jurisdiction of the District Court (or a State Court for those Claims that on

11    the Effective Date are proceeding in State Court) in accordance with this Plan and other

12    orders issued by the Bankruptcy Court, District Court, or State Court, as applicable.

13    **6.4.5  Settlement of Claims.**  The Reorganized Debtor and a Claimant

14    will be entitled to settle any Unresolved Tort Claim, subject to approval of the District

15    Court in accordance with the procedures set forth in Section 11.8 of the Plan.  Upon the

16    District Court's approval of the settlement, the Claimant will have an Allowed Claim for

17    the settlement amount as approved by the District Court.

18    **6.4.6  Withdrawal of Claims.**  A Claimant may withdraw a Claim at any

19    time on written notice to the Reorganized Debtor.  If withdrawn, the Claim will be

20    withdrawn with prejudice and may not be reasserted.

21    **6.5    Known Tort Claims Trust and Future Claims Trust.**  To effectuate the

22    terms of this Plan, a Known Tort Claims Trust and a Future Claims Trust will be

23    established consistent with the provisions of this Section 6.5.

24    **6.5.1  Purposes.**  The sole purposes of the Known Tort Claims Trust and

25    of the Future Claims Trust are (i) to enter into, accept, and enforce the terms of the Plan

26

**Page 35 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 3 of 13**

1    Documents; (ii) to receive, hold, and invest funds in accordance with and subject to the

2    provisions of this Plan and the Known Tort Claims Trust Agreement or the Future

3    Claims Trust Agreement, as the case may be; and (iii) to issue payments and disburse

4    funds subject to the terms of this Plan and the Known Tort Claims Trust Agreement or

5    the Future Claims Trust Agreement, as the case may be.  It is the Proponents' intention

6    that each trust qualify as a Qualified Settlement Fund pursuant to Section 468B of the

7    Internal Revenue Code and the Treasury Regulations promulgated thereunder.  Neither

8    the Known Tort Claims Trust nor the Future Claims Trust will have power or authority to

9    bring, or will be deemed to succeed to the Debtor's rights with respect to, any of the

10    Debtor Actions.

11          **6.5.2  Beneficiaries**.  The sole beneficiaries of the Known Tort Claims

12    Trust are the holders of the Unresolved Known Tort Claims whose Claims have not

13    been Allowed as of the Effective Date.  The sole beneficiaries of the Future Claims

14    Trust are the holders of Future Claims, if any; provided, however, that the FCR shall be

15    an intended beneficiary of, and shall have the right to enforce for the benefit of Future

16    Claimants, the Future Claims Trust Agreement and the other Future Claims Plan

17    Documents.

18          **6.5.3  Trustees**.  Both the Known Tort Claims Trustee and the Future

19    Claims Trustee will be Union Bank of California.  Any successor trustee for either trust

20    will be a bank organized and doing business under the laws of the United States of

21    America, any state thereof, or the District of Columbia, authorized under such laws to

22    exercise corporate trust powers, having a combined capital and surplus of at least one

23    billion dollars ($1,000,000,000), subject to supervision and examination by federal and

24    state authority. The Known Tort Claims Trustee and Future Claims Trustee will act only

25    pursuant to the provisions of this Plan and the Known Tort Claims Trust Agreement or

26

**Page 36 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 4 of 13**

1   the Future Claims Trust Agreement, as the case may be.   Neither the Known Tort
2   Claims Trustee nor the Future Claims Trustee may assign any of its rights or
3   obligations. The Known Tort Claims Trustee will serve as the paying agent responsible
4   for distribution of payments to holders of Unresolved Known Tort Claims whose Claims
5   have not been Allowed as of the Effective Date once such Claims are Allowed.   The
6   Future Claims Trustee will serve as the paying agent responsible for distribution of
7   payments to holders of Future Claims once such Claims are Allowed.   Both the Known
8   Tort Claims Trustee and Future Claims Trustee will be entitled to receive a reasonable
9   fee and reimbursement of reasonable costs and expenses for its services, which fees
10  and expenses will be paid by the Reorganized Debtor, in each case, without reducing
11  the Reorganized Debtor's obligations under the Future Claims Note.  It is intended that
12  the costs and expenses of each trustee will be minimal and consistent with the fees and
13  expenses incurred for comparable functions.

14          **6.5.4  Resignation**.  The Known Tort Claims Trustee may resign at any
15  time upon sixty (60) days prior written notice to the Reorganized Debtor, those Known
16  Tort Claimants holding Unresolved Claims, and the District Court, provided, however,
17  that the resignation will not become effective until a successor Known Tort Claims
18  Trustee is appointed. The Future Claims Trustee may resign at any time upon sixty (60)
19  days prior written notice to the Reorganized Debtor, the Future Claimants
20  Representative, and the District Court, provided, however, that the resignation will not
21  become effective until a successor Future Claims Trustee is appointed.

22          **6.5.5  Removal**. The Known Tort Claims Trustee may be removed at any
23  time, with or without cause, by the Reorganized Debtor, subject to approval of the
24  District Court after notice to all beneficiaries of the Known Tort Claims Trust.   The
25  Future Claims Trustee may be removed at any time, with or without cause, by

26

**Page 37 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT D**
**Page 5 of 13**

1    agreement of the Reorganized Debtor and Future Claimants Representative, after
2    notice to all known beneficiaries of the Future Claims Trust.

3        **6.5.6  Successor Trustee**.  In the event of the resignation or removal of
4    the Known Tort Claims Trustee, or in the event the separate corporate existence of the
5    Known Tort Claims Trustee terminates (except in the event of a merger where the
6    Known Tort Claims Trustee continues to qualify as a Known Tort Claims Trustee under
7    the terms of this Plan and the Known Tort Claims Trust Agreement), a successor
8    Known Tort Claims Trustee (having the qualifications for the Known Tort Claims Trustee
9    set forth in Section 6.5.3 above) will be selected by the Reorganized Debtor, subject to
10   approval of the District Court, after notice to all beneficiaries of the Known Tort Claims
11   Trust.

12       In the event of the resignation or removal of the Future Claims Trustee, or
13   in the event the separate corporate existence of the Future Claims Trustee terminates
14   (except in the event of a merger where the Future Claims Trustee continues to qualify
15   as a Future Claims Trustee under the terms of this Plan and the Future Claims Trust
16   Agreement), a successor Future Claims Trustee (having the qualifications for the
17   Future Claims Trustee set forth in Section 6.5.3 of this Plan) will be selected by
18   agreement of the Reorganized Debtor and Future Claimants Representative, subject to
19   approval of the District Court.

20       **6.5.7  Deposit and Payment of Funds**.  All funds paid to the Known Tort
21   Claims Trustee pursuant to this Plan (other than payments for Known Tort Claims
22   Administration Expenses) shall be deposited in the Known Tort Claims Trust.  The
23   Known Tort Claims Trustee shall invest all funds that are deposited in the Known Tort
24   Claims Trust as directed by the Reorganized Debtor, subject to the limitations set forth
25   in Section 6.5.8 herein.  All payments that are to be made to Known Tort Claimants

26

**Page 38 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 6 of 13**

1    holding Unresolved Known Tort Claims whose Claims have not been Allowed as of the

2    Effective Date, will be paid from funds in the Known Tort Claims Trust once such Claims

3    are Allowed.

4    All funds paid to the Future Claims Trustee pursuant to this Plan (other

5    than payments for Future Claims Administration Expenses) shall be deposited in the

6    Future Claims Trust.    The Future Claims Trustee shall invest all funds that are

7    deposited in the Future Claims Trust as directed by the Reorganized Debtor, subject to

8    the limitations set forth in Section 6.5.8 of this Plan.  All payments that are to be made

9    to Future Claimants, once their Claims are Allowed, will be paid from funds in the Future

10   Claims Trust.

11            **6.5.8  Financial Management of Trust Assets.**

12            **6.5.8.1 Establishment of Accounts.** All funds received by the

13   Known Tort Claims Trustee will be deposited in a trust account.  The Known Tort Claims

14   Trustee will establish sub-accounts as are necessary to hold, manage, invest, and

15   distribute funds in accordance with this Plan and the Known Tort Claims Trust

16   Agreement.  All funds received by the Future Claims Trustee will be deposited in a trust

17   account.  The Future Claims Trustee will establish sub-accounts as are necessary to

18   hold, manage, invest, and distribute funds in accordance with this Plan and the Future

19   Claims Trust Agreement.

20            **6.5.8.2 Investment.** The Known Tort Claims Trustee and the

21   Future Claims Trustee shall invest all funds of the Known Tort Claims Trust and the

22   Future Claims Trust, as the case may be, as directed by the Reorganized Debtor

23   except to the extent such directions are, in the reasonable judgment of the Trustee,

24   inconsistent with the Trustee's duty to administer and invest such funds in the

25   manner in which individuals of ordinary prudence, discretion and judgment would act

26

**Page 39 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D
Page 7 of 13**

1   in the management of their own affairs, giving due regard to the purposes of the

2   Trust; provided, however, that a trustee shall not acquire or permit any of the funds

3   of the Trust to be invested in:

4        (i) any long-term debt securities, participation certificates, or similar

5   instruments unless such securities, certificates or instruments are rated "A" or higher

6   by Moody's Investors Service, Inc. ("Moody's") or "A" or higher by Standard & Poor's

7   Rating Services ("S&P's"), or have been issued or fully guaranteed as to principal

8   and interest by the United States of America or any agency or instrumentality

9   thereof;

10        (ii) any commercial paper unless rated "Prime-2" or higher by Moody's or

11   "A-2" or higher by S&P's;

12        (iii) any equity security or any equity interest in any entity; or,

13        (iv) any money market investment, certificate of deposit, time deposit or

14   banker's acceptance issued by a bank unless, in each case, it is issued by a bank

15   whose senior long-term debt is rated "A" or higher by Moody's or "A" or higher by

16   S&P's, and its term to maturity from the date of acquisition does not exceed three

17   years and one day; provided, further, that in the absence of directions from the

18   Reorganized Debtor, a Trustee may invest, with complete protection, funds of the

19   Trust in BlackRock Provident Cash Management Shares T-Fund or in one or more

20   similar money market mutual funds.

21        **6.5.9  Tax Matters**.  The Known Tort Claims Trust and Future Claims

22   Trust are expected to be tax exempt.  The Known Tort Claims Trustee and Future

23   Claims Trustee shall each timely file such income tax and other returns and statements

24   as are required to comply with applicable provisions of the Internal Revenue Code and

25   the Treasury Regulations promulgated thereunder, and of any state law and the

26

**Page 40 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11   Doc 5005   Filed 04/09/07

**EXHIBIT D**
**Page 8 of 13**

1    regulations promulgated thereunder. The Known Tort Claims Trustee will be responsible

2    for paying taxes on the Known Tort Claims Trust's earnings, if any, whether taxable to

3    the Known Tort Claims Trust or to the Reorganized Debtor.  The Future Claims Trustee

4    will be responsible for paying taxes on the Future Claims Trust's earnings, if any,

5    whether taxable to the Future Claims Trust or to the Reorganized Debtor. The Known

6    Tort Claims Trustee and Future Claims Trustee shall each make any election and

7    provide any information as may be necessary for the Known Tort Claims Trust and

8    Future Claims Trust to qualify as a Qualified Settlement Funds.  The Known Tort Claims

9    Trustee and Future Claims Trustee shall not take any action, or omit to take any action,

10   that could adversely affect the Known Tort Claims Trust's or Future Claims Trust's

11   qualification as a Qualified Settlement Fund.  If permitted by the Treasury Regulations

12   or state law governing Qualified Settlement Funds, elections will be filed by or on behalf

13   of the Known Tort Claims Trust and the Future Claims Trust as necessary for each to

14   be treated as a grantor trust for federal or state income tax purposes.

15             **6.5.10    Exclusive Jurisdiction and Venue in District Court.**  All

16   disputes and all other matters relating to the operation, supervision, validity,

17   enforcement, and interpretation of the Known Tort Claims Trust and Future Claims Trust

18   will be under the exclusive jurisdiction of the District Court.  The District Court will have

19   the exclusive authority to decide all disputes or questions regarding the duties or

20   authority of the Known Tort Claims Trustee or Future Claims Trustee, the investment of

21   funds in the Known Tort Claims Trust or Future Claims Trust, and the payment of Tort

22   Claims.

23             **6.5.11  Irrevocability.** The Known Tort Claims Trust and Future Claims

24   Trust will each be irrevocable.

25

26

    **Page 41 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
    REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
    CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
    COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 9 of 13**

1    **6.5.12  Recordation**. This Plan, the Known Tort Claims Trust Agreement,
2    and the Future Claims Trust Agreement may each be recorded in such places as the
3    Reorganized Debtor or the Future Claimants Representative deems necessary or
4    advisable.

5    **6.5.13  Termination/Dissolution**.

6    **6.5.13.1    Known Tort Claims Trust Termination/Dissolution**.
7    The Known Tort Claims Trust will terminate and be dissolved as soon as practicable
8    following the earlier to occur of the date on which (a) the Reorganized Debtor has paid
9    the Known Tort Claims Deposit to the Known Tort Claims Trust and all funds and other
10   assets held in the Known Tort Claims Trust have been distributed as required by the
11   Plan, or (b) all Unresolved Known Tort Claims have been Allowed or Disallowed and the
12   Allowed amounts of such Claims, together with interest thereon as provided herein,
13   have been paid in full.  Prior to such termination and dissolution, the Known Tort Claims
14   Trustee shall seek and obtain an order from the District Court confirming that it is
15   appropriate to terminate and dissolve the Known Tort Claims Trust.

16   **6.5.13.2    Future Claims Trust Termination/Dissolution.**    The
17   Future Claims Trust will terminate and be dissolved as soon as practicable following the
18   earlier to occur of the date on which (a) the Future Claims Note has been paid in full
19   and all funds and other assets held in the Future Claims Trust have been distributed as
20   required by the Plan, or (b) the Future Claims Bar Date has passed and each Future
21   Claim asserted by the Future Claims Bar Date pursuant to Section 5.5.2 of this Plan has
22   been Allowed or Disallowed and the Allowed amounts of all such Claims, together with
23   interest thereon as provided herein, have been paid in full.  Prior to such termination
24   and dissolution, the Future Claims Trustee shall seek and obtain an order from the

25

26
     **Page 42 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
     REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
     CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
     COMMITTEE (Dated April 9, 2007)

1   District Court confirming that it is appropriate to terminate and dissolve the Future

2   Claims Trust.

3            **6.5.13.3 Winding Up/Distribution of Excess Funds.** Upon entry

4   of the District Court's order authorizing termination and dissolution of either the Known

5   Tort Claims Trust or Future Claims Trust, the trustee of the applicable trust will promptly

6   proceed to wind up the affairs of the trust. Upon termination of each trust, and provided

7   that all fees and expenses of the trustee (and, in the case of the Future Claims Trust, all

8   fees and expenses of the FCR) have been paid or provided for in full, the appropriate

9   trustee will deliver all funds and other investments remaining in the trust, including any

10  investment earnings thereon, to the Reorganized Debtor. Furthermore, if the Future

11  Claims Note and any collateral securing such note remains in possession of the trustee,

12  the trustee will deliver the original of the note and any letter of credit to the Reorganized

13  Debtor and will release any other collateral securing such note.

14           **6.5.14  No Execution.** All funds held in the Known Tort Claims

15  Trust and Future Claims Trust will remain property of the respective trust until such

16  times as the funds have actually been paid to and received by a Person or Entity

17  entitled to receive payment pursuant to the terms of this Plan and the Known Tort

18  Claims Trust Agreement or Future Claims Trust Agreement, as the case may be.

19  Payment of Unresolved Known Tort Claims and Future Claims will be governed solely

20  by this Plan and the Tort Claims Trust Agreement or Future Claims Trust Agreement, as

21  the case may be.

22       **6.6    Insurance Claims Against Non-Settling Insurance Companies.** The

23  Reorganized Debtor will succeed to the Debtor's rights against the Non-Settling

24  Insurance Companies, including the right to receive all Insurance Recoveries thereon.

25  Nothing in this Plan shall be construed to impair, diminish, or impact in any way the

26

**Page 43 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 11 of 13**

1    Debtor's or Reorganized Debtor's claims against the Non-Settling Insurance

2    Companies.    Notwithstanding any other provision of this Plan, any of the Plan

3    Documents, or the Confirmation Order (including any other provision that purports to be

4    preemptory or supervening), all claims and defenses of the Debtor, the Reorganized

5    Debtor, any additional insured, and the Non-Settling Insurance Companies relating to

6    the Insurance Claims against the Non-Settling Insurance Companies, and all rights

7    (whether contractual or statutory) of the Debtor, the Reorganized Debtor, any additional

8    insured, and the Non-Settling Insurance Companies relating to the Insurance Policies

9    issued by the Non-Settling Insurance Companies, will remain unaffected by this Plan,

10    any of the Plan Documents, and the Confirmation Order.  No provision of this Plan, any

11    of the Plan Documents, or the Confirmation Order will in any way operate to impair, or

12    have the effect of impairing, the Debtor's, the Reorganized Debtor's, additional

13    insured's, or the Non-Settling Insurance Companies' legal, equitable, or contractual

14    rights relating to the Insurance Policies issued by the Non-Settling Insurance

15    Companies and Insurance Claims against the Non-Settling Insurance Companies in any

16    respect.  The rights of the Debtor, the Reorganized Debtor, any additional insured, and

17    the Non-Settling Insurance Companies will be determined under the Insurance Policies

18    of the Non-Settling Insurance Companies, any action regarding Insurance Coverage,

19    any settlement agreement with respect to Insurance Claims, and non-bankruptcy law,

20    as applicable.  For the purposes of determining Insurance Coverage provided by the

21    Non-Settling Insurance Companies, no provision of the Plan, any of the Plan

22    Documents, or the Confirmation Order will constitute a judgment, settlement, or other

23    resolution of any individual Tort Claim, nor have any effect of res judicata, issue

24    preclusion, or of collateral estoppel, on any individual Tort Claim.   Notwithstanding

25    anything in this Plan, the Plan Documents, the Confirmation Order, or an Insurance

26

**Page 44 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT D**
**Page 12 of 13**

1    Policy to the contrary, where a Non-Settling Insurance Company pays in full a

2    settlement or final judgment on account of an individual Tort Claim to the Debtor or

3    Reorganized Debtor (including all related costs, defense costs, attorney fees and other

4    obligations the Insurance Company is required to pay under the applicable Insurance

5    Policy or Policies and applicable law), such payment will satisfy all of the Non-Settling

6    Insurance Company's obligations to the Debtor, the Reorganized Debtor, and the Tort

7    Claimant under the applicable Insurance Policy or Policies on account of such Tort

8    Claim, regardless of the actual payment received by the Tort Claimant from the Debtor

9    or the Reorganized Debtor.

10        **6.7    Contribution and Indemnity Claims of St. Mary's Home and Catholic**

11    **Charities.**    The Reorganized Debtor will assume the Debtor's contribution and/or

12    indemnity obligations to St. Mary's Home, Inc. and Catholic Charities, Inc., as set forth

13    in the respective settlement agreements between the Debtor and such entities as such

14    settlements are approved by the Court.

15    **7.    MEANS FOR IMPLEMENTATION OF THE PLAN**

16        **7.1    Settlement of Estate Property Litigation.**

17        The Estate Property Litigation shall be settled in a manner consistent with the

18    Plan.

19        **7.2    Structure of Reorganized Debtor.**

20        The administration of the Reorganized Debtor will continue as before

21    confirmation with the Archbishop being the sole director of the Reorganized Debtor.

22    However, the Reorganized Debtor will, not later than one-year following the Effective

23    Date, restructure under civil law the Archdiocese, the Parishes, and the Schools into

24    one or more charitable trusts, endowments, non-profit religious corporations, or other

25    charitable entities that are, under Oregon law, legally separate and distinct from the

26

**Page 45 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

1    Future Claim will be resolved pursuant to the Litigation Procedures to the extent

2    applicable.

3        **5.5.3  Satisfaction of Future Claims Solely from Future Claims Trust.**

4    On the Effective Date, each Future Claim shall be irrevocably assumed by, and once

5    Allowed, satisfied solely by payment from, the Future Claims Trust. Each Future

6    Claimant shall be entitled to be paid in Cash, solely from the Future Claims Trust, the

7    full amount of such holder's Allowed Future Claim that is not for Punitive Damages,

8    together with interest thereon at the Plan Interest Rate from the Allowance Date until

9    paid, promptly (but in no event later than 90 days) after such Future Claim becomes

10    Allowed; provided, however, that the District Court, on motion of the FCR or any holder

11    of a Future Claim and after notice to the Reorganized Debtor, the FCR, the Future

12    Claims Trustee, and all known Future Claimants, may at any time order that holders of

13    Allowed Future Claims not for Punitive Damages receive from the Future Claims Trust a

14    distribution that is only a percentage of such holders' Allowed Claims and that the

15    Future Claims Trustee establish a reserve for the benefit of holders of unknown Future

16    Claims and of known but Disputed Future Claims, if the District Court determines that it

17    is reasonably likely that the then-existing Future Claims Cap will be insufficient to

18    enable the Future Claims Trust to pay in full all Allowed Future Claims not for Punitive

19    Damages that are reasonably expected to be asserted before the Future Claims Bar

20    Date expires. All Future Claims for Punitive Damages shall be subordinated, in right of

21    payment, to the prior payment in full, together with interest thereon as provided herein,

22    of all Allowed Future Claims that are not for Punitive Damages.   As soon as is

23    practicable after (a) the Future Claims Bar Date has expired and (b) each Future Claim

24    has been Allowed or Disallowed, and provided that all Allowed Future Claims not for

25    Punitive Damages, together with interest thereon as provided herein, have been paid in

26

**Page 31 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT E**
**Page 1 of 2**

1   full, each holder of an Allowed Future Claim for Punitive Damages shall be entitled to

2   receive, solely from the Future Claims Trust, a Pro Rata share of Cash available for

3   distribution to Future Claimants up to the full amount of such Allowed Claim, together

4   with interest thereon at the Plan Interest Rate from the Allowance Date until paid.

5   Except as provided in Section 6.5.13.3 of this Plan, the Future Claims Deposit, any

6   investment earnings thereon, and all other amounts, if any, deposited into the Future

7   Claims Trust shall be used solely to pay Allowed Future Claims and any taxes on the

8   Future Claims Trust's earnings; provided, however, that if the Reorganized Debtor shall

9   fail to pay any Future Claims Administration Expenses and such failure is not remedied

10  within 30 days after the Future Claims Trustee or the FCR, as the case may be, gives

11  the Reorganized Debtor written notice of such default under this Plan, the Future Claims

12  Trustee may pay such unpaid Future Claims Administration Expenses from the Future

13  Claims Trust.

14        **5.5.4  Future Claims Collateral.**  The Reorganized Debtor's obligations

15  under the Plan with regard to Future Claims and under the Future Claims Plan

16  Documents shall be supported by a letter of credit or secured by a first priority security

17  interest in and lien on the Future Claims Collateral at all times from the Effective Date

18  until the twentieth anniversary of the Effective Date.  The value of the Future Claims

19  Collateral shall be reviewed and redetermined on the first anniversary of the Effective

20  Date and on each anniversary thereafter (each a "Date of Redetermination").  Unless

21  earlier released, on the twentieth anniversary of the Effective Date, the Future Claims

22  Trustee will release the Future Claims Collateral and deliver same and any related

23  documents to the Reorganized Debtor.

24

25

26

**Page 32 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT E**
**Page 2 of 2**

1    prepaid, (ii) hand delivery, or (iii) reputable overnight delivery service, all charges

2    prepaid, and shall be deemed given when received by the following parties:

3    Archdiocese of Portland in Oregon
     2838 East Burnside
4    Portland, OR  97214
     Attn:  Director Of Business Affairs
5
     **With copies to:**
6
     Sussman Shank LLP
7    1000 SW Broadway, Suite 1400
     Portland, OR  97205
8    Attention: Thomas W. Stilley

9         All notices and requests to a Person or Entity holding any Claim will be sent to

10   them at their last known address or to the last known address of their attorney of record.

11   The Debtor or Reorganized Debtor and any holder of a Claim may designate in writing

12   any other address, which designation will be effective upon actual receipt by the Debtor

13   or the Reorganized Debtor, or by the holder of the Claim.  Any Person or Entity entitled

14   to receive notice under this Plan will have the obligation to provide the Reorganized

15   Debtor with such Person's or Entity's current address for notice purposes.    The

16   Reorganized Debtor will have no obligation to attempt to locate a more current address

17   in the event any notice proves to be undeliverable to the most recent address which has

18   been provided to the Reorganized Debtor.

19        **11.8    Post-Confirmation Court Approval.**   Any action requiring Bankruptcy

20   Court, District Court, or State Court approval after the Effective Date will require the

21   Person or Entity seeking such approval to file an application, motion, or other request

22   with the Bankruptcy Court, District Court, or State Court, as applicable, and obtain a

23   Final Order approving such action before the requested action may be taken.    The

24   Person or Entity filing such application, motion, or other request shall serve such

25   application, motion, or other request, together with a notice setting forth the time in

26
     **Page 61 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
     REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
     CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
     COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT F**
Page 1 of 2

1  which objections must be filed with the court, on the Reorganized Debtor, all Tort

2  Claimants having filed Claims or a lawsuit asserting a Claim (or having given written

3  notice to the Reorganized Debtor in the case of Future Claims) whose Claims have not

4  been paid in full, the Future Claimants Representative, the Known Tort Claims Trustee,

5  and the Future Claims Trustee by first-class mail, electronic mail, overnight courier,

6  facsimile, or hand delivery.  Unless the court orders otherwise, all notices shall provide

7  the recipients at least 20 days (plus 3 days if served by mail) in which to file an objection

8  to the application, motion, or other request.  If no objection is timely filed, the court may

9  authorize the proposed action without further notice or a hearing.  If an objection is

10  timely filed, the court will determine whether to conduct a hearing, or to require the

11  submission of further documentation, prior to ruling on the application, motion, or other

12  request.

13      **11.9  Election Pursuant to Section 1129(b) of the Bankruptcy Code.**  The

14  Proponents hereby request confirmation of the Plan pursuant to Section 1129(b) of the

15  Bankruptcy Code if the requirements of all provisions of Section 1129(a) of the

16  Bankruptcy Code, except paragraph (a)(8) thereof, are met with regard to the Plan.  In

17  determining whether the requirements of Section 1129(a)(8) of the Bankruptcy Code

18  have been met, any Class or subclass of a Class that does not contain as an element

19  thereof an Allowed Claim or a Claim temporarily allowed under Bankruptcy Rule 3018

20  as of the date fixed by the Bankruptcy Court for filing acceptances or rejections of this

21  Plan shall be deemed deleted from this Plan for purposes of voting to accept or reject

22  this Plan and for purposes of determining acceptance or rejection of this Plan by such

23  Class or subclass.

24      **11.10  Consummation of the Plan.**  The Proponents reserve the right to request

25  that the Confirmation Order include (i) a finding by the Court that Bankruptcy Rule

26

**Page 62 of 67** – THIRD AMENDED AND RESTATED JOINT PLAN OF
REORGANIZATION OF DEBTOR, TORT CLAIMANTS COMMITTEE, FUTURE
CLAIMANTS REPRESENTATIVE, AND PARISH AND PARISHIONERS
COMMITTEE (Dated April 9, 2007)

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111 | FACSIMILE (503) 248-0130
Case 04-37154-tmb11    Doc 5005    Filed 04/09/07

**EXHIBIT F
Page 2 of 2**

**Anna Helton, OSB #054424**
Email: ahelton@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
Pacwest Center
1211 S.W. Fifth Avenue, Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Facsimile: 503.796.2900

      Attorney for Roman Catholic Archbishop of Portland in
      Oregon, and successors, a corporation sole, dba Archdiocese
      of Portland in Oregon

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| In re | No. _____ |
| **ROMAN CATHOLIC ARCHBISHOP OF PORTLAND IN OREGON,** and successors, a corporation sole, dba Archdiocese of Portland in Oregon | **NOTICE OF FILING OF MOTION TO APPROVE SETTLEMENT OF "FUTURE CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE CLAIMS TRUST** |
| Interested Parties/Claimants:  **A.T.** | |

Pursuant to Section 11.8 of the "Third Amended and Restated Joint Plan of

Reorganization of Debtor, Tort Claimants Committee, Future Claimants Representative, and

Parish and Parishioners Committee (dated April 9, 2007)" [Docket No. 5005 in *In re Roman*

*Catholic Archbishop of Portland in Oregon, and successors, a corporation sole, dba*

*Archdiocese of Portland in Oregon*, No. 04-37154-elp11 (Bankr. D. Or.)] (the "Plan"), the

Roman Catholic Archbishop of Portland in Oregon, and successors, a corporation sole ("the

Archdiocese" or "Reorganized Debtor"), hereby provides notice of its Motion to Approve

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

**EXHIBIT G**
**Page 1 of 5**

Settlement of "Future Claims" and to Approve Payment from Future Claim Trust (the "Motion") in the above-captioned case.

You are receiving this notice because you have asserted your status as one of the following:

- A Tort Claimant having filed a Claim or a lawsuit asserting a Claim whose Claim has not been paid in full;

- A Future Claimant who has given written notice to the Archdiocese of a Future Claim and who has not been paid in full;

- The Future Claimants Representative;

- The Known Tort Claims Trustee; or

- The Future Claims Trustee.

(*See* the Plan, § 11.8.) With regard to individuals receiving this notice because of their claimed status as a Future Claimant under the Plan, the Archdiocese is providing this notice based on the individual's claimed status. This notice is not an admission that the individual is a Future Claimant, and the Archdiocese expressly reserves its right to challenge the individual's asserted status as a Future Claimant under the Plan.

In accord with Section 11.8 of the Plan, you are being provided at least 20 days (plus 3 days if served by mail) in which to file the objection to the Motion. As noted in the Motion, the Archdiocese has requested that the Court take no action with respect to the Motion until at least **December 1, 2023**. If no objection is timely filed, the Court is authorized under the Plan to take the proposed action without further notice or a hearing. (*See* the Plan, § 11.8.)

Page 2 -   NOTICE OF FILING OF MOTION TO APPROVE
            SETTLEMENT OF "FUTURE CLAIMS" AND TO
            APPROVE PAYMENT FROM FUTURE CLAIMS TRUST

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

**EXHIBIT G**
**Page 2 of 5**

Dated this 6th day of November, 2023.

SCHWABE, WILLIAMSON & WYATT, P.C.

By:    _s/ Anna Helton_
       Anna Helton, OSB #054424
       Telephone: 503.222.9981
       Of Attorneys for Roman Catholic
       Archbishop of Portland in Oregon, and
       successors, a corporation sole, dba
       Archdiocese of Portland in Oregon

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

EXHIBIT G
Page 3 of 5

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2023, I served the foregoing NOTICE OF FILING OF MOTION TO APPROVE SETTLEMENT OF "FUTURE CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE CLAIMS TRUST on the following parties at the following addresses:

| | |
|---|---|
| Ashley L. Vaughn<br>Dumas & Vaughn<br>3835 NE Hancock St, Ste GL-B<br>Portland, OR 97212 | Attorneys for A.T. |
| Peter B. Janci<br>Crew Janci LLP<br>1200 NW Naito Parkway, Ste 500<br>Portland, OR 97209-2534 | Attorneys for J.H. |
| Amity Girt<br>Josh Lamborn PC<br>50 SW Pine St, Ste 301<br>Portland, OR 97204 | Attorneys for T.A. |
| Kirsten L. Curtis<br>Thenell Law Group PC<br>12909 SW 68th Parkway, Ste 290<br>Portland, OR 97223<br><br>Allison C. Worden<br>Max E. Halpern<br>Mark S. Skeels<br>Gomez Trial Attorneys<br>655 W Broadway, Ste 1700<br>San Diego, CA 92101 | Attorneys for T.K. |
| Sydney E. Codd<br>Pfau Cochran Vertetis Amala<br>403 Columbia St, Ste 500<br>Seattle, WA 98104 | Attorneys for S.L. |
| Peter B. Janci<br>Crew Janci LLP<br>1200 NW Naito Parkway, Ste 500<br>Portland, OR 97209-2534 | Attorneys for J.E. |
| David A. Foraker<br>Via Email Only:<br>david.foraker@millernash.com | Future Claimants Representative |

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>Telephone: 503.222.9981<br>Fax: 503.796.2900

**EXHIBIT G**
**Page 4 of 5**

| Cheryl Nelson<br>Vice President Relationship Manager,<br>Global Corporate Trust<br>US Bank<br>555 SW Oak Street, PD-OR-P7TD<br>Portland, OR 97204 | Future Claims Trustee |
|---|---|

by mailing to them a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to them at the addresses set forth above, and deposited in the U.S. Post Office at Portland, Oregon, on said day with postage prepaid.

_s/ Anna Helton_
Anna Helton, OSB # 054424

Page 2 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

**EXHIBIT G**
**Page 5 of 5**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of November, 2023, I served the foregoing MOTION TO APPROVE SETTLEMENT OF "FUTURE CLAIMS" AND TO APPROVE PAYMENT FROM FUTURE CLAIMS TRUST on the following parties at the following addresses:

| | |
|---|---|
| Ashley L. Vaughn<br>Dumas & Vaughn<br>3835 NE Hancock St, Ste GL-B<br>Portland, OR  97212 | Attorneys for A.T. |
| Peter B. Janci<br>Crew Janci LLP<br>1200 NW Naito Parkway, Ste 500<br>Portland, OR 97209-2534 | Attorneys for J.H. |
| Amity Girt<br>Josh Lamborn PC<br>50 SW Pine St, Ste 301<br>Portland, OR  97204 | Attorneys for T.A. |
| Kirsten L. Curtis<br>Thenell Law Group PC<br>12909 SW 68th Parkway, Ste 290<br>Portland, OR 97223<br><br>Allison C. Worden<br>Max E. Halpern<br>Mark S. Skeels<br>Gomez Trial Attorneys<br>655 W Broadway, Ste 1700<br>San Diego, CA 92101 | Attorneys for T.K. |
| Sydney E. Codd<br>Pfau Cochran Vertetis Amala<br>403 Columbia St, Ste 500<br>Seattle, WA 98104 | Attorneys for S.L. |
| Peter B. Janci<br>Crew Janci LLP<br>1200 NW Naito Parkway, Ste 500<br>Portland, OR 97209-2534 | Attorneys for J.E. |
| David A. Foraker<br>Via Email Only:<br>david.foraker@millernash.com | Future Claimants Representative |

Page 1 -    CERTIFICATE OF SERVICE

SCHWABE, WILLIAMSON & WYATT, P.C.<br>Attorneys at Law<br>1211 SW 5th Ave., Suite 1900<br>Portland, OR 97204<br>Telephone: 503.222.9981<br>Fax: 503.796.2900

PDX\000500\279473\ASM\40571093.1

| Cheryl Nelson<br>Vice President Relationship Manager,<br>Global Corporate Trust<br>US Bank<br>555 SW Oak Street, PD-OR-P7TD<br>Portland, OR 97204 | Future Claims Trustee |
| --- | --- |

by mailing to them a true and correct copy thereof, certified by me as such, placed in a sealed envelope addressed to them at the addresses set forth above, and deposited in the U.S. Post Office at Portland, Oregon, on said day with postage prepaid.

*s/ Anna Helton*
Anna Helton, OSB # 054424

Page 2 -    CERTIFICATE OF SERVICE

PDX\000500\279473\ASM\40571093.1